IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOUTHWESTERN BELL TELEPHONE COMPANY, BELLSOUTH TELECOMMUNICATIONS LLC, PACIFIC BELL TELEPHONE COMPANY, MICHIGAN BELL TELEPHONE COMPANY, OHIO BELL TELEPHONE COMPANY, ILLINOIS BELL TELEPHONE COMPANY, INDIANA BELL TELEPHONE COMPANY INC., NEVADA BELL TELEPHONE COMPANY, AND WISCONSIN BELL, INC. <br><br>           PLAINTIFFS, <br><br> v. <br><br> ATLAS TRADING CONGLOMERATE, INC., f/k/a DOLLAR PHONE ACCESS, INC., AND DOLLAR PHONE SERVICES, INC., <br><br>           DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § § § CIVIL CASE NO. 3:21-CV-1271-K-BK |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's order of reference, Doc. 26, this case has been referred to the undersigned magistrate judge for consideration of Plaintiffs' *Motion to Reinstate Contempt Order and Related Fine*. Doc. 14. This case arises from Defendants' alleged breach of a master settlement agreement ("MSA") entered in consolidated civil action *Atlas Trading Conglomerate Inc., f/k/a Dollar Phone Access, Inc. v. AT&T Inc., et al. and*

*Southwestern Bell Telephone Company, et al. v. Atlas Trading Conglomerate Inc., f/k/a Dollar Phone Access, Inc.*, No. 3:15-CV-0404-K (the "Prior Action").

In the Prior Action, Defendant Atlas Trading Conglomerate, Inc., f/k/a Dollar Phone Access, Inc. ("Atlas") as well as its counsel, officers and/or agents (collectively, the "Contemnors"), were held in contempt of court (the "Contempt Order"). Doc. #369 at 7-8. As relevant here, the Court held the Contemnors jointly and severally liable for a $100,000.00 fine (the "Fine"). Doc. #369 at 7-8. Plaintiffs, Atlas, and Defendant Dollar Phone Services, Inc. ("Dollar Phone") thereafter entered into the MSA. Upon the parties' motion, the Court then entered an order which provided that if the settlement payments required under the MSA were not timely made,

> the Parties agree that [Plaintiffs] may move for the reinstatement of the Contempt Order and related fine, and all entities and individuals affected by the Contempt Order reserve all rights to argue against the propriety of the Contempt Order once reinstated. The Parties intend this provision to allow for the Parties to return to the positions they were in before the filing of the Joint Motion to Vacate, with respect to the Contempt Order and fine, in the event that one or more settlement payment is overdue.

Doc. #417 at 2. The parties subsequently filed a *Stipulation of Dismissal* with prejudice pursuant to Rule 41(a)(1)(ii). Doc. #418. When Atlas and Dollar Phone did not timely tender the payments required by the MSA, Plaintiffs filed the present action for breach of contract against them and, separately, filed their *Motion to Reinstate Contempt Order and Related Fine*, requesting that the Court reinstate the Fine against the Contemnors. Doc. 1 at 7; Doc. 14.

Upon referral, the undersigned determined that further briefing was warranted to address the Court's jurisdiction. Specifically, the parties and any Contemnors who wished to do so were ordered to brief, *inter alia*, the propriety of Plaintiffs' filing the *Motion to Reinstate Contempt*

2

*Order and Related Fine* in this action as opposed to moving to reinstate the Contempt Order in the Prior Action.  Doc. 31 at 2.

Plaintiffs have now filed a responsive brief.  Doc. 21.  As relevant here, they contend the Court has both diversity and ancillary jurisdiction to reinstate the Contempt Order because the Court incorporated the terms of the MSA in the order quoted above.  Doc. 32 at 2-3 (citing *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461-63 (5th Cir. 2010)).  Notwithstanding Plaintiffs' argument, however, they also filed a *Motion to Reinstate Contempt Order and Related Fine* in the Prior Action.  Doc. #420.

Upon review, it does not appear that *MacDonald* conclusively resolves the salient jurisdictional question.  Cf. *Hosp. H., Inc. v. Gilbert*, 298 F.3d 424, 433 (5th Cir. 2002).  Nevertheless, because Plaintiffs have now filed a motion requesting the same relief in the Prior Action, the instant *Motion to Reinstate Contempt Order and Related Fine*, Doc. 14, should be **TERMINATED AS MOOT**.  See *Vikas WSP, Ltd. v. Econ. Mud Products Co.*, 23 F.4th 442, 451 (5th Cir. 2022) (holding that "a court may sanction a lawyer for misconduct, award attorney's fees, or hold parties in contempt even after dismissing a case.").

**SO RECOMMENDED** on November 16, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14days).